# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABRAHAM NEE NTREH, )<br>)<br>Defendant. )<br>_____ ) | CRIM. NO. 2002-0007 |

## MEMORANDUM OPINION

Finch, J.

    THIS MATTER comes before the Court on the Motion for New Trial pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure filed by Defendant Abraham Nee Ntreh, *pro se*. According to Ntreh, there are two pieces of newly discovered evidence that warrant a new trial: the Third Circuit's decision in Obale v. Attorney Gen. of the U.S., 453 F.3d 151, 160 (3d Cir. 2006); and the INS's August 2004 Notice of Intent/Decision to Reinstate Prior Order.

    According to Ntreh, the Obale decision would have demonstrated that the Court had made an error of law in instructing the jury. A change in law is not "newly discovered evidence." United States v. Shelton, 459 F.2d 1005, 1007 (9th Cir. 1972) (holding that change in legal standard for determining insanity did not qualify as newly discovered evidence); see United States v. Danks, 357 F. Supp. 193, 194 (D. Hawaii 1973). Therefore, Ntreh's motion is untimely in that motions for new trials based on legal errors must be brought to the Court's attention within seven days of entry of conviction. Fed. R. Crim. P. 33(b)(2).

    Ntreh considers the Notion of Intent/Decision to Reinstate Prior Order to be newly discovered evidence in that, according to Ntreh, it tends to show that "the INS was still unable to

reinstated [an IJ's May 1994 decisions] as a prior order of deportation, in accordance with 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8." Mem. of Law in Supp. of New Trial, at 7, Sept. 25, 2006. The Notice of Intent/Decision to Reinstate Prior Order issued on August 18, 2004 and attached as Exhibit B to Ntreh's Motion for New Trial filed Sept. 25, 2006 states, in relevant part:

> In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 C.F.R. 241.8, you are hereby notified that the Attorney General intends to reinstate the order of Removal entered against you. This intent is based on the following determinations:
>
> 1. You are an alien subject to a prior order of deportation / exclusion / removal entered on February 24, 1999 at Arlington, VA.
>
> 2. You have been identified as an alien who was removed on March 19, 1999 pursuant to an order of deportation / exclusion / removal.
>
> 3. You illegally reentered the United States on or about May 7, 2000 at or near Saint Thomas, USVI.
>
> In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order. .
> . . .
>
> Having reviewed all available evidence , the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order in accordance with section 241(a)(5) of the Act.
>
> 8/18/2004                                  /s/ Jesus Cruz, Jr.
> Guantamo, Puerto Rico              ASDDO [Acting Supervisory Detention and
>                                             Deportation Officer]

The Notice of Intent/Decision to Reinstate Prior Order does not make any reference to any prior order except that of February 24, 1999. It does not indicate whether any other orders of deportation, exclusion, or removal were entered before the February 24, 1999 order. Ntreh

would have a jury draw the negative inference from the reinstatement of the February 24, 1999 prior order that there was no other prior order that could have been reinstated. Ntreh also would have a jury go one step further and find that this Notice of Intent/Decision to Reinstate Prior Order negates the testimony of Agent Vincent Jahrman concerning Ntreh's immigration or "A-File."

"[F]ive requirements must be met before a trial court may order a new trial due to newly discovered evidence: (a) the evidence must be in fact newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal. Government of Virgin Islands v. Lima, 774 F.2d 1245, 1250 (3d Cir. 1985) (quoting United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976)).

Ntreh offers the Notice of Intent/Decision to Reinstate Prior Order solely to impeach the testimony of Agent Jahrman. Without more, the Court cannot find that the Notice of Intent/Decision to Reinstate Prior Order would sufficiently impeach the testimony of Agent Jahrman as to be likely to produce an acquittal. Because Ntreh has failed to meet the five requirements for ordering a new trial due to newly discovered evidence, his motion for a new trial is **DENIED**.

**DATED:**   December 5, 2007

**ENTER:**

RAYMOND L. FINCH
DISTRICT JUDGE

**ATTEST:**
Wilfredo F. Morales
Clerk of Court
by: _____
Deputy Clerk

cc: Honorable George W. Cannon, Jr., Magistrate Judge
    Ishmael A. Meyers, Jr., AUSA
    Abraham Nee Ntreh, 626 Ashley Place, Murphy, TX 75094
    Martial Webster, Esq.

12/10/07