DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ABRAHAM NEE NTREH, )<br>)<br>        **Defendant.** )<br>_____) | Criminal Action No. 2002-0007 |

**Attorneys:**
**Ishmael Meyers, Jr., Esq.,**
St. Thomas, U.S.V.I.
    *For the United States*

**Abraham Nee Ntreh,** *pro se*
Murphy, TX
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's "Petition for Writ of Error Coram Nobis" (Dkt. No. 325), the Government's Opposition thereto (Dkt. No. 330), Defendant's Reply (Dkt. No. 338), and Defendant's "Memorandum of Additional Authorities in Support of Petition for Writ of Error Coram Nobis" (Dkt. No. 340). For the reasons set forth below, the Court will deny Defendant's Petition.

### I.   BACKGROUND

On February 12, 2002, a federal grand jury returned a two-count indictment charging Defendant with illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), and making a false statement in a matter within the jurisdiction of the United States Immigration and Naturalization Service ("INS"), in violation of 18 U.S.C. § 1001. (Dkt. No. 1). On July 22, 2003, a jury trial was held on both counts. At the close of the Government's case-in-chief, Defendant made an unsuccessful oral motion for judgment of acquittal pursuant to Rule 29 of the Federal

Rules of Criminal Procedure, and renewed the motion at the conclusion of his case. The Court took the renewed motion under advisement. When the jury failed to reach a unanimous verdict, the Court declared a mistrial, but did not rule on Defendant's renewed motion for judgment of acquittal.

A second trial was commenced on October 14, 2003. The jury returned a unanimous verdict of guilty on both counts. (Dkt. No. 155). After the trial, Defendant filed a timely Rule 29 motion for judgment of acquittal, which the Court denied. (Dkt. No. 175, 176). On June 23, 2004, Defendant was sentenced to fourteen (14) months' imprisonment with credit for time served and a special condition of supervised release that Defendant not attempt to reenter the United States without permission from the United States Attorney General. (Dkt. No. 197). Defendant filed a timely appeal. (Dkt. No. 196).

On appeal, Defendant argued "that the [] Court erred when it failed to rule on his Rule 29 motion in the first trial, and when it denied his Rule 29 motion [after] his second trial." *United States v. Ntreh*, 142 F. App'x 106, 108 (3d Cir. 2005) (footnote omitted). In an Opinion issued on August 1, 2005, the Third Circuit rejected Defendant's arguments that the trial court erred (1) by failing to rule on his Rule 29 motion for judgment of acquittal at his first trial, and (2) by denying his Rule 29 motion after his second trial. *See id*. at 111. Thus, Defendant's conviction was affirmed on both counts. *Id*. However, the Court vacated Defendant's sentence in light of *United States v. Booker*, 543 U.S. 220 (2005), and remanded the matter to the trial court for resentencing. *Id*. After several years of litigation, Defendant was resentenced on January 16, 2013. (Dkt. No. 320).[1]

---

[1] During the period between the Third Circuit's decision on Defendant's direct appeal and his resentencing, Defendant filed a Motion to Dismiss (Dkt. No. 213), a Motion for New Trial (Dkt. No. 235), and a Renewed Motion to Dismiss the Indictment (Dkt. No. 280). All three Motions were denied. (Dkt. Nos. 224, 249, 282). Defendant appealed the Order denying his Renewed Motion to Dismiss the Indictment. The Third Circuit affirmed the Court's decision. *United States v. Ntreh*, 742 F.3d 551 (3d Cir. 2014).

On May 27, 2014, Defendant filed the instant Petition for Writ of Error Coram Nobis claiming ineffective assistance of counsel at his first trial.[2] Defendant asserts that his trial attorney provided ineffective assistance of counsel by failing—at the conclusion of his first trial—to request that the trial judge rule on his renewed motion for judgment of acquittal. (*See* Dkt. No. 325 at 1). Defendant further asserts that "had the request been made, the [] Court would have granted the motion or dismissed the indictment altogether, as there <u>did</u> <u>not</u> appear to be any factual or legal basis to deny it." *Id*. (emphasis in original). The Government opposes Defendant's Petition. (Dkt. No. 330).

## II.   DISCUSSION

### A.  Applicable Legal Standards

A petition for writ of error *coram nobis* "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C.A. § 2255." *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989); *see also United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000) (per curiam). The authority to grant a writ of error *coram nobis* "is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)).

The writ of error *coram nobis* has repeatedly been referred to as an "extraordinary remedy" that is "reserved for exceptional circumstances." *Baptiste*, 223 F.3d at 189; *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) (stating that "it is difficult to conceive of a situation in a federal criminal case

---

[2] The trial judge recused himself from this matter on January 5, 2015 (Dkt. No. 334), and the matter was reassigned to the undersigned judge that same day (Dkt. No. 335).

today where a writ of *coram nobis* would be necessary or appropriate"). Accordingly, "[a] court's jurisdiction to grant *coram nobis* relief is limited in scope due to the interest in the finality of judgments, and it is the petitioner's burden to demonstrate that he is entitled to this 'extraordinary remedy.'" *United States v. Biondi*, 600 F. App'x 45, 46 (3d Cir. 2015) (quoting *Stoneman*, 870 F.2d at 106).

To establish a right to *coram nobis* relief, the petitioner must demonstrate that (1) he is no longer "in custody" and therefore ineligible for alternative remedies, such as *habeas corpus* relief under 28 U.S.C.A. § 2255; (2) he suffers "continuing consequences" of the conviction; (3) no remedy was available at the time of trial; (4) "sound reasons" exist for failing to seek relief earlier; and (5) the trial contained errors "of the most fundamental kind, . . . such as to render the proceeding itself irregular and invalid." *Stoneman*, 870 F.2d at 105-06 (internal quotation marks and citations omitted). The Third Circuit has emphasized that a petitioner's "claim must fail if he cannot establish any one of these elements." *United States v. Stuler*, 2015 U.S. App. LEXIS 10491, at *3 (3d Cir. June 22, 2015) (citing *Stoneman*, 870 F.2d at 105-06).

### B. Analysis

There is no dispute that Defendant has satisfied the first two elements for *coram nobis* relief.[3] The central issue is whether Defendant has established a fundamental error that rendered his first trial invalid. Defendant asserts that "a claim of ineffective assistance of counsel may, if proved, suffice as the 'error of the most fundamental character' needed to obtain a writ of error coram nobis." (Dkt. No. 325 at 9 (citing cases)). The Government, on the other hand, contends that Defendant "cannot sustain his burden of proving that there was a fundamental error" at the

---

[3] The Government, in its Opposition to Defendant's Petition, states that "[t]he defendant meets the first criteria because he is no longer in custody. The defendant also meets the second criteria because he was deported after serving his prison term. [H]is deportation is a collateral consequence of his conviction." (Dkt. No. 330 at 7).

4

first trial because he has not satisfied the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (Dkt. No. 330 at 7).

The Third Circuit has held that "persons not held in custody can attack a conviction for fundamental defects, such as ineffective assistance of counsel," through a writ of error *coram nobis*. *United States v. Rad-O-Lite of Phila., Inc.*, 612 F.2d 740, 744 (3d Cir. 1979). However, in order to establish a claim of ineffective assistance of counsel, the defendant must satisfy the two-prong test set forth in *Strickland*, 466 U.S. at 694. *See Stewart v. United States*, 301 F. App'x 121, 123 (3d Cir. 2008) (affirming a district court's order denying writ of error *coram nobis* because defendant had not satisfied the *Strickland* standard for ineffective assistance of counsel); *United States v. Babalola*, 248 F. App'x 409, 412-14 (3d Cir. 2007) (same); *Evola v. Attorney General of the United States*, 190 F. App'x 171, 174-76 (3d Cir. 2006) (same).

The first prong of the *Strickland* test is the performance prong—i.e., "that counsel's representation fell below an objective standard of reasonableness." *Gov't of the V.I. v. Vanterpool*, 767 F.3d 157, 165 (3d Cir. 2014) (quoting *Strickland*, 466 U.S. at 688 (internal quotation marks omitted)). The proper inquiry here is "whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

The second prong of the *Strickland* test is the prejudice prong—i.e., "that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Id.* at 694; *see also Vanterpool*, 767 F.3d at 165. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).

As noted above, Defendant claims that his trial attorney provided ineffective assistance of counsel by failing—at the conclusion of the first trial—to request that the trial court rule on his

5

renewed motion for judgment of acquittal, which had been taken under advisement. (*See* Dkt. No. 325 at 1; Dkt. No. 338 at 1). Defendant further asserts that, but for counsel's failure to request that the trial court rule on his renewed motion for judgment of acquittal, the result of his trial would have been different. (*Id*.).

In its August 1, 2005 Opinion affirming Defendant's conviction, the Third Circuit found that "the District Court did not err when it failed to rule on the merits of [Defendant's] motion for judgment of acquittal at his first trial." *United States v. Ntreh*, 142 F. App'x 106, 111 (3d Cir. 2005).[4] Thus, the Third Circuit has already rejected Defendant's argument on the substantive issue underlying his ineffective assistance of counsel claim.

It is well established that "counsel cannot be deemed ineffective for failing to raise a meritless claim [or argument]." *Ross v. Dist. Attorney of the Cnty. of Allegheny*, 672 F.3d 198, 211 n.9 (3d Cir. 2012) (quoting *Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000) (internal quotation marks omitted)); *see also Williams v. Beard*, 637 F.3d 195, 207 (3d Cir. 2011) ("Because the . . . claim was meritless, [defendant's] trial and appellate counsel could not have been ineffective for failing to raise it."). Because the Court of Appeals found that the District Court did not err in failing to rule on Defendant's Rule 29 motion at his first trial, Defendant's ineffective assistance of counsel claim—which is premised on that same issue—cannot lie. *Lafler v. Cooper*, 132 S. Ct. 1376, 1386 (2012) (finding that because matter upon which ineffective assistance of counsel claim was premised was meritless, defendant could not demonstrate an error entitling him to relief); *Thomas v. Horn*, 570 F.3d 105, 121 n.7 (3d Cir. 2009) (rejecting ineffective assistance of counsel claim where there was no merit to defendant's underlying claim of error). Accordingly, Defendant has not set forth a valid claim of ineffective

---

[4] The Court also noted, albeit in dicta, that "even if [it] were to reach the merits of [Defendant's] Rule 29 argument, his contention that there was insufficient evidence to sustain a conviction on unlawful reentry at his first trial would fail as a matter of law." *Ntreh*, 142 F. App'x at 110 n. 6.

6

assistance of counsel under *Strickland*, and has therefore not demonstrated that his first trial was invalid due to a fundamental error—a prerequisite to *coram nobis* relief.[5]

### III. CONCLUSION

Based on the foregoing, the Court finds that Defendant has failed to satisfy his burden of establishing that he is entitled to *coram nobis* relief. Accordingly, the Court will deny Defendant's "Petition for Writ of Error Coram Nobis."

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's "Petition for Writ of Error Coram Nobis" (Dkt. No. 325) is **DENIED**.

**SO ORDERED.**

Date: July 17, 2015 _____/s/_____
WILMA A. LEWIS
Chief Judge

---

[5] Because Defendant has not satisfied the fundamental error element necessary for *coram nobis* relief, it is unnecessary for the Court to address the remaining elements. *See United States v. Dwumaah*, 570 F. App'x 193, 197 (3d Cir. 2014).